UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE COUNTY DIVISION

MARSHA PETERS,

    Plaintiff,

v.

CASE NO.:

PRINCESS CRUISE LINES, LTD.
d/b/a PRINCESS CRUISES,

    Defendant.
_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, MARSHA PETERS, a citizen and resident of the State of Indiana, sues the Defendant, PRINCESS CRUISE LINES, LTD. d/b/a PRINCESS CRUISES, (hereinafter referred to as "PRINCESS"), a Bermudian Corporation with its principal place of business in California, and alleges:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1. This is an action for damages which exceed the sum of Seventy-Five Thousand Dollars ($75,000.00); and jurisdiction of this claim is founded upon 28 U.S.C. § 1332 (diversity jurisdiction).

2. At all times material hereto, Plaintiff, MARSHA PETERS, was and is a citizen and resident of the state of Indiana and over the age of eighteen (18).

3. Defendant PRINCESS is a Bermudian corporation that operates cruise ships and has its principal place of business in Santa Clarita, California. It maintains its registered agent in Plantation, Florida.

4. The incident complained of in this lawsuit occurred on navigable water aboard a vessel engaged in traditional maritime activity and was potentially disruptive of maritime commerce.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving To Suitors Clause of 28 U.S.C. §1333(1), because PRINCESS, at all times material hereto, unilaterally inserts a clause into its cruise ticket contracts that requires all passengers from anywhere in the world who embark on U.S. based cruises to file all cruise-related suits *only* in this federal judicial district. Accordingly, venue is proper in this Court.

6. The Plaintiff timely and adequately presented her claim in writing to PRINCESS, and timely filed the present lawsuit, in accordance with applicable terms of the passenger ticket contract issued by PRINCESS.

7. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's staff and medical crew shortly after it occurred, and an incident report and other forms prepared by PRINCESS were generated onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract.

## ALLEGATIONS COMMON TO ALL COUNTS

8. At all times material hereto Defendant, PRINCESS, owned, operated, maintained, controlled, and possessed a vessel named *Enchanted Princess*, (hereinafter "Subject Vessel").

9. PRINCESS and the Subject Vessel, at all relevant times, regularly transport passengers for hire between ports in the United States and foreign countries and are therefore marine common carriers of passengers.

10. PRINCESS, at all relevant times, owed the Plaintiff the duty to exercise care for her safety required of a marine common carrier of passengers and to maintain the Subject Vessel in a reasonably safe condition for its passengers, such as the Plaintiff.

11. Alternatively, PRINCESS and/or its agents and employees, at all material times, engaged in certain affirmative undertakings, as hereinafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

12. Plaintiff, at all times material hereto, was a fare-paying passenger aboard the Subject Vessel.

13. On or about September 28, 2024, while aboard the Subject Vessel, the Plaintiff was walking in an area at or near Deck 16 dining area, which was open and commonly traversed by both passengers and crew, and was used as a path of ingress and egress.

14. At the time of the incident, the area was under sufficient exclusive control of the Defendant and/or its employees to give rise to *res ipsa loquitur*.

15. At all times material hereto, the floor in this area by the dining area was wet and slippery due to employees and/or agents of PRINCESS cleaning the immediate area with wet mops, thus creating a dangerous condition.

16. At all times material hereto, employees and/or agents of PRINCESS cleaning the immediate area with wet mops failed to place any wet floor or other warning signs to warn its passengers, including Plaintiff, of the dangerous condition.

17. This dangerous condition was created by employees and/or agents of PRINCESS prior to, and was existing at the time, the Plaintiff traversed this area.

18. At all times material hereto, the employees and/or agents of PRINCESS were acting in their ordinary course and scope of their employment.

19. At all times material hereto, employees and/or agents of PRINCESS did not utilize any signs, cones, mats, carpets, designations, markings or the like to warn passengers, such as the Plaintiff, of the wet and slippery floors which presented a fall hazard.

20. Additionally, at all times material hereto, employees and/or agents of PRINCESS did not stand by the area of the wet and slippery floors where the subject slip and fall took place to verbally warn passengers, such as the Plaintiff, of the wet and slippery floors or prevent passengers, such as the Plaintiff, from entering the slippery area.

21. At all times material hereto, the Plaintiff did not have any prior knowledge of the wet and slippery floors before she slipped and fell in this area.

22. At all times material hereto, there was no obvious or readily visually apparent characteristic of the wet and slippery floors that would have lead passengers, such as the Plaintiff, to reasonably ascertain the floors in this area were wet and slippery.

23. The wet and slippery floors further presented a dangerous condition, trap, hazard, and/or optical illusion and was not open and obvious.

24. At all times material hereto, PRINCESS and its employees and/or agents were aware passengers, such as the Plaintiff, used and were going to walk in the area.

25. On or about September 28, 2024, the Plaintiff was walking by the dining area on Deck 16 when she slipped and fell due to the dangerous condition of the wet and slippery floors.

26. At all times material hereto, PRINCESS had policies and procedures to prevent slips, trips and falls in areas of passenger travel, including how to properly warn passengers, such as the Plaintiff, of dangerous potential fall hazards caused by wet and slippery floors.

27. At all times material hereto, PRINCESS and its employees and/or agents were aware of the dangerous wet and slippery conditions of the subject floor in the path of an ingress and egress, because an employee and/or agent of PRINCESS created the dangerous condition by using a wet mop in an area of known passenger travel, without any warnings, and employees and/or agents of PRINCESS were in the immediate area prior to and at the time Plaintiff fell.

## **COUNT I**

28. Plaintiff realleges and reavers paragraphs one (1) through twenty-seven (27) as if fully restated herein.

29. The PRINCESS employees and/or agents at all times failed to exercise reasonable care for the safety of PRINCESS passengers, including the Plaintiff, and were thereby negligent.

30. That at the aforementioned time and place, the PRINCESS employees and/or agents were negligent in one or more of the following acts of commission and/or omission:

    a. Failure to exercise reasonable care under the circumstances;

    b. Failure to monitor the area so as to allow safe ingress and egress from the area;

c. Negligently creating a slipping hazard in an escape route of the vessel - in violation of mandatory and legally-binding international vessel safety regulations derived from the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13*, subpart 1.1 ("safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition, clear of obstacles.");

d. Negligently creating a dangerous condition, trap, hazard, and/or optical illusion in a means of ingress and egress;

e. Negligently failing to maintain the area of the vessel in a reasonably safe condition;

f. Failure to monitor the area where Plaintiff fell so as to warn Plaintiff of the dangerous condition prior to her fall and/or prevent Plaintiff from entering the area;

g. Failure to warn the Plaintiff of the presence of the hazardous or dangerous condition of the wet and slippery floors;

h. Failure to correct and eliminate the dangerous condition;

i. Failing to implement and/or follow and/or enforce policies and procedures preventing trips, slips and falls by passengers, such as the Plaintiff, due to dangerous conditions of wet and slippery floors;

31. Since all of the negligent acts and omissions of PRINCESS employees and/or agents described above occurred while these individuals were employed by PRINCESS and acting

in furtherance of the ship's business, PRINCESS is vicariously liable for their failure to exercise reasonable care and consequent negligence.

32. The PRINCESS employee's and or agent's violation of applicable and mandatory SOLAS safety regulations constitutes negligence *per se*.

33. As a direct and proximate result of one or more of the negligent acts as described above, the Plaintiff suffered bodily injury, including but not limited to physical injury, injuries to her knee and back, aggravation of preexisting conditions, physical and mental pain and suffering, disability, disfigurement, loss of capacity for enjoyment of life, costs of medical care and treatment, and loss of earnings and/or earning capacity. The injuries are permanent in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, MARSHA PETERS, demands judgment for all damages legally allowable under the facts of the case against Defendant PRINCESS, jointly and severally, including but not limited to, compensatory and consequential damages, costs and prejudgment interest, and further demands trial by jury.

## **COUNT II**

34. Plaintiff realleges and reavers paragraphs one (1) through twenty-seven (27) as if fully restated herein.

35. PRINCESS owed the Plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to preventing trips, slips and falls by its passengers due to dangerous conditions.

36. PRINCESS knew of the dangerous condition as its employee and/or agent created the wet and slippery floors by using a wet mop to clean the subject area, and PRINCESS employees and/or agents were in the immediate vicinity of this area prior to and during Plaintiff's fall.

37. PRINCESS knew of the dangerous condition as its internal policies and procedures outline the need for passenger safety and/or warnings in areas recently and/or actively being mopped by its employees and/or agents.

38. PRINCESS knew of the dangerous condition because there were prior incidents of passengers falling on wet and slippery floors in areas open to and commonly traversed by passengers.

39. PRINCESS was negligent and breached its duty to act with reasonable care under the circumstances by failing to monitor the area where Plaintiff fell so as to warn Plaintiff of the dangerous condition prior to her fall and/or prevent Plaintiff from entering the area;

40. PRINCESS was negligent and breached its duty to act with reasonable care under the circumstances by failing to warn Plaintiff of the dangerous condition of the wet and slippery floor.

41. PRINCESS was negligent by creating a slipping hazard in an escape route of the vessel - in violation of mandatory and legally-binding international vessel safety regulations derived from the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13*, subpart 1.1 ("safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition, clear of obstacles.").

42. PRINCESS' violation of applicable and mandatory SOLAS safety regulations constitutes negligence *per se*.

43. PIRNCESS was negligent by creating a dangerous condition, trap, hazard, and/or optical illusion in a means of ingress and egress.

44. PIRNCESS was negligent by failing to use proper materials in the construction of its floors, to ensure the floors would provide adequate friction when wet, and thereby created a dangerous condition, trap, hazard, and/or optical illusion in a means of ingress and egress.

45. PRINCESS was negligent and breached its duty to act with reasonable care under the circumstances by failure to correct and eliminate the dangerous condition of the floors where Plaintiff fell.

46. PRINCESS was negligent and breached its duty to act with reasonable care under the circumstances by failing to implement and/or follow and/or enforce policies and procedures preventing trips, slips and falls by passengers, such as the Plaintiff, due to dangerous conditions of wet and slippery floors;

47. The negligence outlined above directly and proximately caused the Plaintiff's injuries. This is because if PRINCESS had taken the above actions with regard to the wet and slippery floors it created, the Plaintiff would not have slipped on the dangerous floors. In turn, the Plaintiff would not have sustained the severe injuries to her body.

48. As a direct and proximate result of one or more of the negligent acts as described above, the Plaintiff suffered bodily injury, aggravation of preexisting conditions, physical and mental pain and suffering, disability, disfigurement, loss of capacity for enjoyment of life, costs of

medical care and treatment, and loss of earnings and/or earning capacity. The injuries are permanent in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, MARSHA PETERS, demands judgment for all damages legally allowable under the facts of the case against Defendant PRINCESS, jointly and severally, including but not limited to, compensatory and consequential damages, costs and prejudgment interest, and further demands trial by jury.

Dated:  September 17, 2025

/s/ Daniel D. Walker
Daniel D. Walker, Esq.
Florida Bar No. 1018257
Email: dwalker@clarkfountain.com
CLARK, FOUNTAIN, LITTKY-RUBIN
& WHITMAN LLP
3601 PGA Blvd., Suite 300
Palm Beach Gardens, FL 33410
PH:  (561) 899-2100
Fax: (561) 832-3580
Attorneys for Plaintiff